# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3377

_____

|  |  |  |
|---|---|---|
| Leslie Isben Rogge, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| United States of America, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: August 22, 2002
Filed: August 27, 2002

_____

Before BOWMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.


Leslie Isben Rogge appeals the District Court's[1] order dismissing his 28 U.S.C. § 2255 motion, which he filed in 2001, more than three years after his conviction became final. On appeal, Rogge argues the District Court erred in finding his § 2255 motion was successive and unauthorized because his prior filing was found to be a

_____

[1] The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas.

mislabeled 28 U.S.C. § 2241 petition. He argues he is entitled to relief on his motion because a defect in the indictment deprived the District Court of federal jurisdiction, and his trial counsel was ineffective.

We need not reach the more complicated issue of successiveness because the record plainly demonstrates that Rogge's motion was filed well beyond the one-year limitations period, <u>see</u> 28 U.S.C. § 2255, with no applicable exception, <u>see</u> <u>United States v. Cotton</u>, 122 S. Ct. 1781, 1785 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case.").

Accordingly, we affirm the judgment dismissing Rogge's motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-